IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANNA BETRAS, | |
| Plaintiff, | **2:21-CV-00873-CCW** |
| v. | |
| OLI-CAR INC., | |
| Defendant. | |

## MEMORANDUM OPINION

Before the Court is Plaintiff Deanna Betras' Motion for Default Judgment against Defendant Oli-Car Inc.  ECF No. 16.

### I.    Procedural History

Plaintiff alleges that she was employed as a dancer on and off for approximately twenty years in Defendant's establishments, known collectively as "the Filly," and contends that she was misclassified as an independent contractor when she was actually an employee.  *See* ECF No. 1. On July 8, 2021, Plaintiff filed a collective and class action complaint on behalf of herself and similarly situated persons seeking to recover against Defendants, The Filly, LLC, and Oli-Car, Inc., for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA"), for violations of the Pennsylvania's Wage Payment and Collection Law, 43 Pa. C.S. § 206.1 (the "WPCL"), and for unjust enrichment under the common law.  *See generally*, ECF No. 1.  Plaintiff served Defendants on July 23, 2021.  ECF Nos. 7 & 8.  Plaintiff voluntarily dismissed her claims against Defendant The Filly, LLC on August 4, 2021.  ECF No. 10.  Defendant Oli-Car Inc.'s answer was due on August 13, 2021, but no answer was filed.  Following this Court's Order to Show Cause, *see* ECF No. 11, Plaintiff requested that the Clerk enter default against Defendant

Oli-Car Inc., which the Court entered.  *See* ECF Nos. 12, 13, 14.  Following a subsequent Order to Show Cause, *see* ECF No. 15, Plaintiff moved for Default Judgment against Oli-Car Inc.  ECF No. 16.

On October 14, 2021, this Court ordered Plaintiff to file a notice indicating whether Plaintiff's Motion for Default Judgment (i) abandons her class and collective action claims and instead seeks default judgment solely as to her individual claims or (ii) seeks default judgment on behalf of herself and members of the putative FLSA collective and/or Rule 23 class.  *See* ECF No 19.  The Court further ordered Plaintiff to submit a supplemental brief providing the factual and legal authority to support the calculation of damages set forth in her Motion, along with evidentiary support for such calculations.  *Id.*  On October 21, 2021, Plaintiff filed a notice stating that she was "abandoning her class and collective action claims and instead seeks default judgment solely as to her individual claims as set forth in her complaint," ECF No. 23, and provided additional legal and evidentiary support for her damage calculations for unpaid wages, overtime wages, and liquidated damages.  ECF Nos. 21 & 22.  The Court then ordered Plaintiff to submit evidentiary information supporting her claims to attorneys' fees and costs, which Plaintiff submitted on October 28, 2021.  *See* ECF Nos. 25 & 26.  On October 29, 2021, the Court ordered Plaintiff to submit additional evidentiary support with respect to reasonable billing rates and reasonable hours, which Plaintiff had not previously provided.  Instead of providing that material, Plaintiff responded that she was waiving her claims for attorney's fees and costs under section 216(b) of the FLSA.

## II.    Standard of Review

A court may enter default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person.  Fed. R. Civ. P. 55(b).  Here, in its affidavit in support

of default judgment, Plaintiff's counsel attests to the fact that Defendant is not a minor or an incompetent person.  ECF No. 17.

The decision to enter default judgment under Rule 55(b)(2) rests within the discretion of the district court.  *See Stewart v. Loving Kindness Healthcare Sys.*, Civil Action No. 2:20-cv-1087-RJC, 2021 U.S. Dist. LEXIS 28050 (W.D. Pa. Feb. 16, 2021) (Colville, J.).  In evaluating the appropriateness of default judgment, the Court must consider "three factors:  "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  Courts treat all factual allegations of the complaint, except those relating to the amount of damages, as true on a motion for default judgment.  *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

III.    **Discussion**

A.    **Jurisdiction and Service**

This Court has federal question jurisdiction over this case because it arises under the FLSA.  *See* 28 U.S.C. § 1331;  *see also* 29 U.S.C. § 216(b).  This Court further has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, because Plaintiff's state law claims (violation of the WPCL and the common law) share a common nucleus of operative facts with Plaintiff's FLSA claims.  *See Alesius v. Pittsburgh Logistics Sys.*, Civil Action No. 20-1067, 2021 U.S. Dist. LEXIS 72540, at *10 (W.D. Pa. Apr. 15, 2021) (Horan, J).  The Court has general personal jurisdiction over the Defendant Oli-Car Inc., because Defendant is a Pennsylvania corporation.  ECF No. 1

¶ 15.[1]   Further, Defendant has been served.  *See* ECF No. 8;  ECF No. 16 ("Plaintiff served summons and complaint on Tom, the owner and manager of Defendant, by personal service.")

###### B.     Plaintiff's Complaint Sufficiently Alleges Violations of the FLSA and WPCL

Because Plaintiff has confirmed that she is not pursuing class or collective action claims in this Motion for Default Judgment, the Court will limit its analysis to whether Plaintiff has pleaded sufficient facts to state a claim on her own behalf on the four counts in her complaint.  *See generally, Sahara Logan v. Victory Entm't, Inc.*, No. 18-17129 (RBK/KMW), 2021 U.S. Dist. LEXIS 44731 (D.N.J. Mar. 10, 2021) (analyzing in the context of a motion for default judgment whether Plaintiff pleads sufficient facts under the FLSA and New Jersey State Wage and Hours Law).

###### i.     Plaintiff's FLSA Claims for Minimum Wage and Overtime Violations (Counts I & II)

To state a claim under the FLSA for a minimum wage or overtime violation, a plaintiff must allege that:  "(1) the plaintiff was an 'employee,' as defined by the FLSA;  (2) the defendant was 'engaged in commerce,' as defined by the FLSA;  and (3) the plaintiff was not paid the federal minimum wage or was not paid overtime compensation for hours worked in excess of forty in a given week."  *Rummel v. Highmark, Inc.*, No. 3:13-cv-87, 2013 U.S. Dist. LEXIS 162757, at *10 (W.D. Pa. Nov. 15, 2013) (Gibson, J.);  *Slater v. Yum Yum's 123 ABC*, No. 2:20-cv-00382-JMG, 2021 U.S. Dist. LEXIS 10125, at *4–5 (E.D. Pa. May 28, 2021).  Here, Plaintiff's complaint pleads

---

[1] Paragraph 15 of Plaintiff's complaint contains several typographical mistakes when referring to "Defendant O<u>ni</u>-Car, LLC, is a Pennsylvania <u>limited liability company</u>…[,]" *see* ECF No. 1 ¶ 15 (emphasis added).  However, elsewhere in the complaint and in other documents associated with this case, Defendant is referred to as O<u>li</u>-Car, <u>Inc.</u>  *See, e.g.,* ECF Nos. 8 (service of process);  16 (motion for default judgment);  16-1 (mailing of motion for default judgment to Defendant).  The complaint additionally alleges that such Defendant "is a citizen of Pennsylvania."  ECF No. 15.  Further, the Court takes judicial notice of the Commonwealth of Pennsylvania's Department of State Business Entity website (*see* https://www.corporations.pa.gov/search/corpsearch) indicating that Oli-Car Incorporated is a domestic corporation.  *See Miller v. Native Link Constr., LLC.,* Civil Action No. 15-1605, 2017 U.S. Dist. LEXIS 131021 at *16-17 n.2 (W.D. Pa. Aug. 17, 2017) (Conti, J.) (collecting cases regarding judicial notice of facts that established a party's citizenship).

sufficient facts to establish claims of minimum wage and overtime violations of the FLSA by Defendant.

> ### a. Plaintiff's Complaint Pleads Sufficient Facts to Establish that She Was an Employee under the FLSA

Plaintiff's complaint pleads sufficient facts to establish that she was an employee under the FLSA. *See Schofield v. Gold Club Tampa*, No. 8:19-cv-3097-VMC-TGW, 2021 U.S. Dist. LEXIS 27234, at *11-12 (M.D. Fla. Feb. 12, 2021) ("The Third, Fourth, and Fifth Circuits have all found dancers to be employees of the clubs in which they performed."); *see also*, *Verma v. 3001 Castor, Inc.*, No. 13-3034, 2014 U.S. Dist. LEXIS 88459, at *17 n.5 (E.D. Pa. June 30, 2014) *aff'd,* 937 F.3d 221 (3d Cir. 2019) (collecting cases and noting "nearly without exception, courts have found an employment relationship and required the nightclub to pay its dancers a minimum wage") (internal citations omitted).

Under the FLSA, an "'employee' means any individual employed by an employer." 29 U.S.C. § 203(e)(1); *see Razak v. Uber Techs., Inc.*, 951 F.3d 137, 142 (3d Cir. 2020) ("The minimum wage and overtime wage provisions at issue all require that Plaintiffs prove that they are 'employees.' 29 U.S.C. §§ 203, 206-207."). The Third Circuit has adopted a multi-factor test to determine whether a worker is an employee under the FLSA. *Id.* at 142–43. The Third Circuit considers:

> 1) the degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered required a special skill; 5) the degree of permanence of the working relationship; [and] 6) whether the service rendered is an integral part of the alleged employer's business.

*Id.* (citing *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376 (3d Cir. 1985)).

No single factor is dispositive, and the Court examines the "circumstances of the whole activity" to determine whether "as a matter of economic reality, the individuals are dependent upon the business to which they render service." *Id.* at 143 (citing *Donovan*, 757 F.2d at 1382 (internal citations and quotation marks omitted)).

With respect to the first factor, Plaintiff's complaint alleges (i) that she is prohibited from working at any other club while performing at Defendant's location, ECF No. 1 ¶ 26;  (ii) that Defendant "sets and controls the Dancers' schedule," *id.* ¶¶ 28, 31, 35;  (iii) that Defendant monitors the dancers' attendance and enforces late fees, *id*. ¶¶ 29, 30, 35–36;  (iv) that Defendant controls what the dancers wear both when performing and when not performing, *id*. ¶¶ 48, 49;  and (v) that Defendant sets the price for VIP and private dances, ECF No.1 ¶¶ 40−41—all of which allege the employer's right to control the manner in which the work is to be performed.  *See Verma*, 2014 U.S. Dist. LEXIS 88459, at *17−23.

With respect to the second factor, Plaintiff's complaint also alleges that Defendant controls the fees that Plaintiff may charge for her services and requires Plaintiff to pay "house fees" and part of her tips, thereby sufficiently alleging that her opportunity for profit or loss does not depend on her managerial skill.  ECF No.1 ¶¶ 40−41 (describing fees for VIP experiences and private dances and percentages shared with Defendant);  *id*. ¶¶ 33−35, 44;  *see also*, *Verma*, 2014 U.S. Dist. LEXIS 88459, at *26 ("Dancers cannot leverage their investment in reoccurring stage fe[e]s and tip-outs to create an increasing return on their investment.").

With respect to the third factor—the dancer's relative investment in equipment or materials as opposed to the employer's—courts "have universally concluded that a dancer's investment is minor when compared to the club's investment." *Id.* at 28 (quoting *Harrell v. Diamond A Entm't*,

992 F. Supp. 1343, 1350 (M.D. Fla. 1997)). Here, Plaintiff's complaint alleges small investments on her part, ECF No. 1 ¶ 49 ("Defendant also requires its Dancers to purchase and wear heels while on stage or performing"), whereas Defendant owns and operates adult entertainment clubs. *Id.* ¶ 3.

With respect to fourth factor, "[m]any other courts have previously found that little specialized skill is required" to be a dancer in adult entertainment clubs. *Verma*, 2014 U.S. Dist. LEXIS 88459, at *26; *see* ECF No. 1 ¶¶ 40–41, 49 (alleging that a dancer performs and provides VIP experiences and private dances).

With respect to the fifth factor, Plaintiff's complaint alleges that she was employed "by Defendant as a 'Dancer' on and off for a span of approximately twenty years until October 2020." *Id.* ¶12.[2] While the characterization of work as "on and off," on its own, may indicate that the working relationship may not have been permanent, the allegation that Plaintiff worked for Defendant for twenty years alleges a degree of permanence of the working relationship.

Finally, the sixth factor clearly weighs in favor of an employee relationship because Plaintiff's services as a dancer are integral to an adult entertainment club. *Verma*, 937 F.3d at 232.

### b. Plaintiff's Complaint Pleads Sufficient Facts to Establish that Defendant Was Engaged in Commerce

Plaintiff has pleaded sufficient facts to establish that Defendant was engaged in commerce under the terms of the FLSA. Because "[c]ourts in this Circuit have repeatedly held that allegations that the defendant was an enterprise engaged in commerce under the FLSA [are] sufficient for purposes of a motion to dismiss," it is also appropriate to consider on a motion for default

---

[2] The Court notes that Plaintiff's supplemental brief in support of the Motion for Default Judgment alleges that "Plaintiff was employed by Defendant as an exotic dancer ("Dancer") on and off for a span of approximately thirteen years, from August 2007 until May 2020." *See* ECF No. 22 at 1. Despite this contradiction, both the complaint and the supplemental brief allege a degree of permanence of the working relationship.

judgment.  *See Sahara Logan v. Victory Entm't, Inc.*, No. 18-17129 (RBK/KMW), 2021 U.S. Dist. LEXIS 4473,1 at \*10 (D.N.J. Mar. 10, 2021) (internal citations omitted).

Here, Plaintiff pleads that "at all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  ECF No. 1 ¶¶ 67, 75.  Accordingly, Plaintiff has pleaded sufficient facts to establish that Defendant was engaged in commerce under the terms of the FLSA.

> ### c.   Complaint Pleads Sufficient Facts to Establish Plaintiff Was Not Paid the Federal Minimum Wage (Count I) and Was Not Paid Overtime Compensation (Count II)

"Generally, an employer must pay its employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and must pay one and one-half times the employer's regular wage for hours worked in excess of forty hours per week, id. § 207."  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014).

For an overtime claim, "plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  *Id.* at 243.  Here, Plaintiff pleads that she was not paid overtime as required by FLSA (Count II).  She alleges that Defendant "*regularly* required Plaintiff … to work *in excess* of forty hours per week, then failed to pay [her] premium overtime compensation."  ECF No. 1 ¶ 1 (emphasis added).  Plaintiff further alleges that "Defendant, had and maintains, a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek...."  *Id.* ¶ 77;  *Slater v. Yum Yum's 123 ABC*, No. 2:20-cv-00382-JMG, 2021 U.S. Dist. LEXIS 101251, at \*7–8 (E.D. Pa. May 28, 2021) (finding that, for a default judgment, plaintiff's complaint, which stated that "she 'often worked more than forty hours per week,' and that Defendant 'willfully failed to compensate Plaintiff and all others [sic] similarly

situated employees at a rate of one and one-half times their regularly hourly rate for the hours worked in excess of forty hours in a work week'… [was] sufficient to state an FLSA claim."); *see also*, *Sahara Logan*, 2021 U.S. Dist. LEXIS 44731, at \*11–12.

Additionally, Plaintiff pleads that she was not paid minimum wage as required by the FLSA (Count I). Plaintiff's complaint continues to allege that, "rather than pay its Dancers the applicable minimum wage," Defendant classified Plaintiff as an independent contractor and required Plaintiff "to pay Defendant in order to work at Defendant's establishment. Consequently, Defendant does not compensate Dancers in an amount at least equal to the mandated minimum wage for each hour worked during their shift." ECF No.1 ¶ 32; *see also*, *Sahara Logan*, 2021 U.S. Dist. LEXIS 44731, at \*11–12 (finding that similar language in a complaint was sufficient to states a claim for failure to pay minimum wage)

### d. Willfulness of FLSA Violation

If a plaintiff demonstrates a willful violation of the FLSA—that is, a violation involving an employer's knowledge or "reckless disregard" of or indifference to the FLSA's requirements— an employee may recover a third year of damages. *Stewart v. Loving Kindness Healthcare Sys.*, Civil Action No. 2:20-cv-1087-RJC, 2021 U.S. Dist. LEXIS 28050, at \*12–13 (W.D. Pa. Feb. 16, 2021) (Colville, J.).

Here, Plaintiff's has pleaded sufficient facts to state a claim for willfulness. ECF No. 1 ¶¶ 77 (alleging that Defendant "had, and maintains, a willful policy and practice of refusing to pay premium overtime compensation"), and 90–91 (alleging "a willful policy and practice of denying Dancers their full share of gratuities" and having "Dancers subsidize Defendant's business expenses by requiring Dancers… to 'tip' certain individuals"). Courts outside this Circuit have found that allegations that the violations were willful are deemed admitted in the context of a

default judgment.  *See Serrano v. Chicken-Out Inc*., 209 F. Supp. 3d 179, 190 (D.D.C. 2016);  *see also*, *Cordova v. D&D Rest., Inc.*, 2015 U.S. Dist. LEXIS 145431, at *11–12 (S.D.N.Y. Oct. 7, 2015).  The Court likewise deems those allegations admitted here.

> **ii.   Plaintiff's WPCL Claim (Count III), or Alternatively, Plaintiff's Unjust Enrichment Claim (Count IV)**

Plaintiff's complaint sets forth two alternative counts under the laws of the Commonwealth of Pennsylvania:  a WPCL claim (Count III) and an unjust enrichment claim (Count IV).  These counts are mutually exclusive—the WPCL requires the existence of a contract, *see Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148, 150 (Pa. 1997) (noting the WPCL provides "employees a statutory remedy to recover wages and other benefits that are contractually due to them"), whereas unjust enrichment "is inapplicable when the relationship between parties is founded upon a written agreement or express contract."  *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006).  Because Plaintiff's complaint has sufficiently alleged the existence of a contract (Count III), the Court will analyze Count III and not Count IV in determining whether default judgment is appropriate.

The WPCL "does not create a right to compensation .... [r]ather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages."  *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (citations omitted).  "The contract between the parties governs in determining whether specific wages are earned."  *Id.*  "[A]bsent a formal employment contract…, an employee raising a WPCL claim would have to establish, at minimum, an implied oral contract between the employee and employer."  *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011), *aff'd*, 106 A.3d 656 (Pa. 2014).

Under Pennsylvania law, to establish an enforceable contract, plaintiff must show (1) a mutual intention to be bound by an agreement, (2) terms that are sufficiently definite to be

enforceable, and (3) consideration.  *See Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 533 (3d Cir. 2009).  Terms are sufficiently definite where a "reasonably certain basis exists upon which a court could grant an appropriate remedy."  *Geisinger Clinic v. Di Cuccio*, 414 Pa. Super. 85, 606 A.2d 509, 512 (Pa. Super. 1992).

Taking the factual allegations of the complaint as true, Plaintiff alleges the existence of a non-written contract—"Plaintiff … worked for Defendant with the clear understanding and agreement by Defendant that [her] compensation would be consistent with all applicable laws, including federal and state wage and hour laws."  ECF No. 1 ¶ 82.  By referencing the applicable wage laws, Plaintiff's complaint articulates a "reasonably certain basis … upon which a court could grant an appropriate remedy."  *Geisinger Clinic v. Di Cuccio*, 414 Pa. Super. 85, 606 A.2d 509, 512 (Pa. Super. 1992).

### C.     Plaintiff Has Proved Damages Under the FLSA

At the default judgment stage, a plaintiff must prove that she is "entitled to recover damages and must substantiate the amount, such as through affidavits or other appropriate evidence." *Morgan v. RCL Mgmt., LLC*, No. 18-cv-0800, 2020 U.S. Dist. LEXIS 109491 (E.D. Pa. June 23, 2020).  "The court may conduct a hearing to determine the damages amount, pursuant to Fed. R. Civ. P. 55(b)(2);  however, a hearing is unnecessary as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment."  (internal citations omitted).

Plaintiff's complaint alleges that "[e]vidence generally reflecting the number of uncompensated hours worked by Dancers are (sic) in the possession of Defendant."  ECF No. 1 ¶ 53.  Although an employee bringing an FLSA claim typically bears the burden of proving damages, *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 188 (3d Cir. 2014), "[w]hen defendants default in FLSA cases, 'courts have held that the plaintiff's recollection and estimates of hours worked are

presumed to be correct' for purposes of establishing damages." *Alvarez v. Millenium Tree Serv.*
*& Landscaping Design, Inc.*, No. 2:12-cv-7182 (WJM), 2013 U.S. Dist. LEXIS 144429, at *6
(D.N.J. Oct. 7, 2013) (citing *Perero v. Food Jungle, Inc*., No. 5-CV-4347, 2006 U.S. Dist. LEXIS
73409, 2006 WL 2708055, at *5 (E.D.N.Y. Aug. 7, 2006)).

### i.     Unpaid Minimum Wages and Overtime Wages

Plaintiff submitted a sworn declaration that she "typically worked at Filly from 6:30 pm to
2:00 am, totaling 7.5 hours each Wednesday and Thursday, and from 6:30 pm to 3:00 am, totaling
8.5 hours, each Friday, Saturday, and Sunday." ECF No. 21 ¶ 6.[3]  That equals 40.5 hours per week
(or, 40 hours of minimum wage and .5 hours of overtime). *Id.* ¶ 7.  Having alleged willfulness,
*see supra*, Plaintiff seeks to recover three years of damages.  She alleges damages starting from
July 8, 2018, which is three years prior to the filing of her July 8, 2021 complaint, to March 18,
2020, when Plaintiff "ceased working for a for the club during the period in which it was closed"
due to the Covid-19 pandemic. *See* ECF No. 16 at 9.

---

[3] Although Plaintiff's complaint notes that she received tips, cases involving exotic dancers have considered tips
received as "irrelevant," even "in the context of defendant's default." *Pichardo v. Fifty Five Long Island Corp.*, No.
20 CV 2652 (CBA)(RML), 2021 U.S. Dist. LEXIS 145503, at *14 n.4 (E.D.N.Y. Aug. 2, 2021);  *see also*, *McFeeley
v. Jackson St. Entm't, LLC*, 825 F.3d 235 (4th Cir. 2016) (noting that in the context of summary judgment "[p]roof
of tips and fees received was irrelevant here because the FLSA precludes defendants from using tips or fees to offset
the minimum wage they were required to pay plaintiffs…. The clubs paid the dancers no compensation of any kind
and afforded them no notice.  They cannot therefore claim the 'tip credit.'");  *Hurst v. Youngelson*, 354 F. Supp. 3d
1362, 1384 (N.D. Ga. 2019) (noting, in the context of summary judgment, "[t]he proper inquiry is not whether her
take-home pay (including tips) was more than the minimum wage, but whether Defendants paid her up to or above
the minimum wage. 29 U.S.C. § 206(a).")

To "reduce an employee's minimum wages by the amount of his or her income from gratuities, … federal law
strictly requires employers to:  (1) inform employees that they intend to credit tips toward employees' minimum
wages, and (2) allow employees to retain all of their income from tips.  29 U.S.C. § 203(m)." *Pichardo*, 2021 U.S.
Dist. LEXIS 145503, at *14 n.4.  Here, neither of the two conditions would be met.  Plaintiff alleges that "rather
than pay Dancers the federally-mandated minimum wage, Defendant improperly classified Plaintiff… as [an]
independent contractor[], " and that Defendant was "deducting amounts from the tips of Plaintiff …to offset business
expenses[.]"  ECF No. 1 ¶¶ 45, 46, 69, 85, 91.

Pursuant to the calculations set forth in Plaintiff's sworn declaration, the Court will award Plaintiff $25,520.00 in unpaid minimum wage and $478.72 in unpaid overtime wages. ECF No. 21 ¶ 7.

### ii.    Liquidated Damages

Under the FLSA, Plaintiff is also "entitled to liquidated damages in an equal amount to the amount owed in federal unpaid and overtime wages." *Peters v. GNC Contracting*, Civil Action No. 19-1239, 2021 U.S. Dist. LEXIS 77334 at *8 (W.D. Pa. Apr. 21, 2021) (Dodge, M.J.) *adopted by Peters v. GNC Contracting*, Civil Action No. 19-1239, 2021 U.S. Dist. LEXIS 94672 (W.D. Pa. May 19, 2021); *see* 29 U.S.C.A. § 216(b). While a district court may reduce or deny liquidated damages based upon a showing of good faith, because Defendant has defaulted, Defendant has forgone the opportunity to establish a good faith defense against Plaintiff's claims for liquidated damages. *Peters*, 2021 U.S. Dist. LEXIS 77334 at *8–9.

As such, the Court will award Plaintiff $25,998.72 in liquidated damages under the FLSA.[4]

### iii.    Attorney's Fees and Costs

Under the FLSA, "in addition to any judgment award to plaintiff …" "[t]he court in such action shall" "allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b).

When awarding attorneys' fees to an individual under the FLSA, courts in the Third Circuit have used the "lodestar" approach to examine the reasonableness of attorney's fees. *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 128–29 (3d Cir. 2017); *Peters*, 2021 U.S. Dist. LEXIS 77334;

---

[4] Plaintiff's supplemental brief requests "unpaid minimum wages for hours Plaintiff worked and overtime wages for all hours Plaintiff worked in excess of forty hours per work week ($ 51,997.44), reasonable attorney's fees ($ 5,860.00), and costs ($ 591.00), *as well as the same amount in liquidated damages*." ECF No. 22 at 2 (emphasis added). However, for clarity, the Court notes that based on the Plaintiff's declaration, *see* ECF No. 21, the "same amount in liquidated damages" is already included in the $51,997.44.

*see also Slater v. Yum Yum's 123 ABC*, No. 2:20-cv-00382-JMG, 2021 U.S. Dist. LEXIS 101251 (E.D. Pa. May 28, 2021). Using the "lodestar" approach, the court calculates attorneys' fees by determining the product of the hours reasonably expended and the hourly billing rate for the legal services rendered. *See Student Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179 (3d Cir. 1995). "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). With respect to a reasonable rate, "a district court may not set attorney's fees based on a generalized sense of what is customary or proper, but rather *must* rely upon the record." *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225 (3d Cir. 1997) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1506 (3d Cir. 1996)) (emphasis original). With respect to reasonable rates, "[t]he plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services." *Smith*, 107 F.3d at 225. Further, with respect to reasonable hours, "attorneys seeking fees must document the hours for which payment is sought with sufficient specificity to allow the District Court to determine whether the hours claimed are unreasonable for the work performed." *Evans v. Port Auth. of N.Y. & N.J.,* 273 F.3d 346 (3d Cir. 2001) (internal citation omitted). Even in the context of a default judgment, courts have undertaken this analysis. *Peters*, 2021 U.S. Dist. LEXIS 77334, at *13–14 (in an FLSA default judgment case reviewing "the nature of the service performed, the time spent in doing so, the professional who performed the work and the hourly rates for each such service"); *Bower v. NRA Grp., LLC*, Civil Action No. 18-389 Erie, 2019 U.S. Dist. LEXIS 121150, at *14–15 (W.D. Pa. July 22, 2019) (Baxter, J.) (noting, in a default judgment case, the Court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive,

14

redundant, or otherwise unnecessary.'"); *see also*, *Bower*, 2019 U.S. Dist. LEXIS 121150, at \*16–17 (reviewing evidentiary support allowing the "Court to conclude that [the attorney's] billing rate is reasonable and appropriate in light of his level of experience and specialization, this type of action, and the geographical area where the Court sits.").

Plaintiff's Motion for Default Judgment requested $5,860.00 in attorney's fee and $591.00 in costs but did not include any evidentiary support with respect to these amounts.  ECF No. 16 ¶ 14.

On October 26, 2021, following this Court's first order seeking evidentiary support for Plaintiff's damage calculations, ECF No. 19, this Court ordered Plaintiff to "file sufficient evidentiary support for the Court to conduct a 'Lodestar' analysis for attorneys' fees as well as evidentiary support for the request for costs." ECF No. 25.  Plaintiff submitted evidentiary support for costs and a declaration by Plaintiff's attorney in support of its calculation for attorney's fees.  ECF No. 26.  The declaration contained a summary chart of the time spent on the case with the rate of each attorney.  ECF No. 26-3 ¶ 4.  As described above, because the Lodestar analysis requires the Court to determine that both the hours and the rate are reasonable prior to multiplying the two to calculate the "Lodestar" amount, and Plaintiff had not provided the necessary information for the Court to make that calculation, the Court ordered Plaintiff to submit evidentiary support sufficient "to support a finding of a reasonable billing rate for the applicable market and reasonable hours expended." ECF No. 27.  In response to this Court's October 29, 2021 order, Plaintiff filed a notice "waiving her request to recover attorneys' fees and costs pursuant to FLSA §216(b)."  ECF No. 28.

The award of attorney's fees and costs under the FLSA is "[t]o encourage employees to enforce their FLSA rights in Court, and thus to further the public policies underlying the FLSA."

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, n.16 (1981).  In light of these principles and the plain language of section 216(b), because the Plaintiff has provided sufficient evidentiary support for costs in this action,[5] the Court will award $591 in costs notwithstanding Plaintiff's waiver.  With respect to attorney's fees, should Plaintiff wish to renew her request for such fees, she may submit further evidentiary support for the award of attorney's fees under section 216(b) of the FLSA via a motion under Federal Rule of Civil Procedure Rule 54(d)(2).

      **D.**    **Analysis of the *Chamberlain* Factors**

Finally, this Court turns its analysis to the *Chamberlain* factors set out by the Third Circuit for determining whether the Court should exercise its discretion to grant default judgment.  First, Plaintiff will be prejudiced if default judgment is denied.  She filed this action in July 2021 with no response from the Defendant.  Further delay will prevent the adjudication of her claims.  *See Slater*, 2021 U.S. Dist. LEXIS 101251 at *11–12.  Second, it does not appear on the face of the complaint that the Defendant may have a litigable defense against the FLSA claim.  Finally, the delay is due to the Defendant's culpable conduct.  Courts have found that a defendant's acceptance of service of the complaint and subsequent failure to respond is "willful," and thus considered to be "culpable conduct."  *Id.* at *13–14.

**IV.**    **Conclusion**

For the reasons set forth above, it is hereby ORDERED that Plaintiff's Motion for Default Judgment is GRANTED.

---

[5] Plaintiff further submitted evidentiary support for $402 in fees for the filing of Plaintiff's complaint, *see* ECF No. 26-1, and $189 in fees for service of complaint on Defendant, *see* ECF No. 26-2;  *see also*, ECF No. 26 at 5 (explaining calculations).

DATED this 8th day of November, 2021.



                              BY THE COURT:


                              /s/ Christy Criswell Wiegand
                              CHRISTY CRISWELL WIEGAND
                              United States District Judge


cc (via ECF email notification):

All Counsel of Record